# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LUEDTKE, | Case No. 1:20-cv-00406-BAM (PC) |
| Plaintiff, | ORDER DENYING MOTION TO APPOINT COUNSEL |
| v. | (ECF No. 3) |
| CIOLLI, *et al.*, | |
| Defendants. | |

Plaintiff James Luedtke ("Plaintiff") is appearing *pro se* in this civil rights action pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

Currently before the Court is Plaintiff's motion to appoint counsel, filed March 19, 2020. (ECF No. 3.) In his motion, Plaintiff states that he has only a 10th grade education and no formal legal training, and due to a lack of lawyer contact information at the institution where he is currently housed, he was not able to contact any lawyers in the private market. Plaintiff further argues that due to the complexity of this case, including the discovery that must be conducted, the fact that he has requested a jury trial, and because one of the asserted claims is a medical claim, appointment of counsel is warranted. Plaintiff's other arguments generally describe how a lawyer could more effectively litigate this action than a layperson in Plaintiff's position. (Id.)

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), rev'd in part on other grounds, 154 F.3d 952, 954

1

n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

The Court has considered Plaintiff's request, but does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases filed by prisoners who are proceeding *pro se* almost daily. These prisoners also must conduct legal research, prosecute claims, proceed through discovery, and even conduct jury trials without the assistance of counsel.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. The Court has not yet screened the complaint to determine if Plaintiff has stated any cognizable claims upon which this action may proceed. Finally, based on a review of the brief record in this case, the Court finds that Plaintiff can adequately articulate his claims.

Accordingly, Plaintiff's motion to appoint counsel, (ECF No. 3), is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated: __March 19, 2020__            /s/ *Barbara A. McAuliffe*_
                                                        UNITED STATES MAGISTRATE JUDGE