# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LUEDTKE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CIOLLI, *et al.*,<br><br>　　　　Defendants. | Case No. 1:20-cv-00406-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>ORDER GRANTING EXTENSION OF TIME FOR PLAINTIFF TO FILE A COMPLETED *IN FORMA PAUPERIS* APPLICATION<br><br>**THIRTY (30) DAY DEADLINE**<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION<br>(ECF No. 17)<br><br>**FOURTEEN (14) DAY DEADLINE**<br><br>ORDER DIRECTING CLERK OF COURT TO FORWARD ORDER TO WARDEN OF U.S. PENITENTIARY ATWATER |

Plaintiff James Luedtke ("Plaintiff") is a federal prisoner proceeding *pro se* and *in forma pauperis* in this action filed pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Plaintiff initiated this action on March 19, 2020, (ECF No. 1), together with a motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, (ECF No. 2).

On March 19, 2020, the Court denied Plaintiff's motion without prejudice as incomplete. (ECF No. 5.) Specifically, the Court found that Plaintiff failed to submit a certified copy of his

1

trust account statement and have the certification section of the form completed by the institution of incarceration. Plaintiff was directed to file a completed application within thirty (30) days from the date of service of that order. (Id.)

On April 3, 2020, Plaintiff filed the instant motion requesting a court order directing Defendant Ciolli or one of his subordinates to send the Court the requested copy of Plaintiff's trust account statement. (ECF No. 7.) Plaintiff alleges that Bureau of Prison ("BOP") employees have refused to give Plaintiff a copy of his trust account statement, ignoring two prior attempts he has made, one by email, the other in person. Plaintiff argues that there is nothing he can do to force BOP employees to provide him a copy of his trust account, and filling out a second *in forma pauperis* form would be pointless, as a second form would not cause BOP employees to start cooperating with Plaintiff. (Id.)

The Court construes the request as a motion for preliminary injunction.

**I.  Motion for Preliminary Injunction**

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Id. at 22 (citation omitted).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of L.A. v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc., 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation

2

of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Furthermore, the pendency of this action does not give the Court jurisdiction over prison officials in general. Summers v. Earth Island Inst., 555 U.S. 488, 491–93 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. Summers, 555 U.S. at 491−93; Mayfield, 599 F.3d at 969.

Plaintiff has not met the requirements for the injunctive relief he seeks in this motion. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

As Plaintiff's complaint has not yet been screened, the Court cannot find that Plaintiff has shown a likelihood of success on the merits. In addition, no defendant has been ordered served, and no defendant has yet made an appearance. Thus, the Court at this time lacks personal jurisdiction over Defendant Ciolli, any of his subordinates, and any other prison staff at Plaintiff's current institution who might be responsible for procuring inmate trust account statements, and it cannot issue an order requiring them to take any action.

Further, Plaintiff's motion makes no showing that he will suffer irreparable harm in the absence of an injunction, that the balance of equities tips in his favor, or that an injunction is in the public interest. Although Plaintiff argues that making this legal action contingent on the cooperation of BOP employees would create an illegal heightened pleading standard, the Court notes that Plaintiff will not be prejudiced by denial of this motion. In light of Plaintiff's continuing allegations regarding his difficulties in obtaining a trust account statement, the Court finds it appropriate to extend the deadline for Plaintiff to submit his statement.

However, the Court notes that, despite his lack of control over the actions of BOP staff, Plaintiff remains obligated to submit a renewed application to proceed *in forma pauperis* in

response to this order. If Plaintiff is unable to obtain a copy of his trust account statement, he should explain in his application the steps he took to obtain such a copy, and the result of those attempts, to demonstrate to the Court that he has made a good faith effort to comply with this order.

## II. Order and Recommendation

Accordingly, the Court HEREBY ORDERS that:

1. The Clerk of the Court is directed to randomly assign a District Judge to this action;
2. The Clerk of the Court is directed to serve this order and a blank *in forma pauperis* application for a prisoner on Plaintiff;
3. The deadline for Plaintiff to submit the attached application to proceed *in forma pauperis*, completed and signed, including a certified copy of his trust account statement for the past six months, or in the alternative, pay the $400.00 filing fee for this action, is extended to **thirty (30) days** from the date of service of this order;
4. The Clerk of the Court is directed to forward a copy of this Order and Plaintiff's motion, (ECF No. 7), to the Warden's Office and the Litigation Coordinator at USP Atwater, that they might be made aware of the difficulty Plaintiff is experiencing in obtaining a certified copy of his trust account statement; and
5. **Plaintiff is warned that the failure to comply with this order will result in a recommendation of dismissal of this action, without prejudice, due to failure to comply with a court order.**

\*\*\*

Furthermore, it is HEREBY RECOMMENDED that Plaintiff's motion for preliminary injunction, (ECF No. 7), be DENIED for lack of jurisdiction.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the

specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **April 6, 2020**  /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE