# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LUEDTKE,<br><br>         Plaintiff,<br><br>    v.<br><br>CIOLLI, *et al.*,<br><br>         Defendants. | Case No. 1:20-cv-00406-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION<br><br>(ECF No. 10)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff James Luedtke ("Plaintiff") is a federal prisoner proceeding *pro se* and *in forma pauperis* in this action filed pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Plaintiff initiated this action on March 19, 2020. (ECF No. 1.) Plaintiff has not yet submitted a completed application to proceed *in forma pauperis*, (see ECF No. 9), and the complaint has not yet been screened.

On April 14, 2020, Plaintiff filed the instant motion for a court order. (ECF No. 10.) Plaintiff alleges that inmates at his current institution are being served food that is inedible and does not meet the minimum daily calorie requirements for inmates. Plaintiff further alleges that beginning April 1, 2020, Defendant Ciolli and other BOP staff have reduced calories from 1200 calories per inmate per day, to 800 calories per inmate per day, as a result of austerity measures related to the coronavirus. Plaintiff requests that the Court "order the modification of 28 C.F.R.

547 to require the Bureau of Prisons to provide each prisoner with 2000 calories per day, and that the modification include the requirement that any and all food and drink served to prisoners by the Bureau of Prisons meet any and all guidelines and standards set by the USDA." (Id. at 3.) Plaintiff also requests the appointment of a special master to this case, and the appointment of an independent (non-Bureau of Prisons employee) certified dietitian to oversee food service at USP Atwater. (Id. at 3–4.)

The Court construes the motion as a motion for preliminary injunction.

**I.      Motion for Preliminary Injunction**

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Id. at 22 (citation omitted).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of L.A. v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc., 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Furthermore, the pendency of this action does not give the Court jurisdiction over prison officials in general. Summers v. Earth Island Inst., 555 U.S. 488, 491–93 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties

1    in this action and to the viable legal claims upon which this action is proceeding.  <u>Summers</u>, 555

2    U.S. at 491−93; <u>Mayfield</u>, 599 F.3d at 969.

3          Plaintiff has not met the requirements for the injunctive relief he seeks in this motion.  The

4    Court is required to screen complaints brought by prisoners seeking relief against a governmental

5    entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's

6    complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to

7    state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant

8    who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

9          As Plaintiff's complaint has not yet been screened, the Court cannot find that Plaintiff has

10   shown a likelihood of success on the merits.  In addition, no defendant has been ordered served,

11   and no defendant has yet made an appearance.  Thus, the Court at this time lacks personal

12   jurisdiction over Defendant Ciolli, any of his subordinates, and any other prison staff at Plaintiff's

13   current institution who might be responsible for the type, quality, or quantity of food served to

14   inmates.

15         Further, Plaintiff alleges that these "coronavirus austerity measures" have been

16   implemented at all federal prisons in the United States, not just his current institution.  To grant

17   Plaintiff's request to modify a federal code to apply to all federal prisons is simply beyond the

18   scope of the Court's current jurisdiction in this action.

19   **II.    Recommendation**

20         Accordingly, it is HEREBY RECOMMENDED that Plaintiff's motion for preliminary

21   injunction, (ECF No. 10), be DENIED for lack of jurisdiction.

22         These Findings and Recommendation will be submitted to the United States District Judge

23   assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen**

24   **(14) days** after being served with these Findings and Recommendation, Plaintiff may file written

25   objections with the court.  The document should be captioned "Objections to Magistrate Judge's

26   Findings and Recommendation."  Plaintiff is advised that failure to file objections within the

27   specified time may result in the waiver of the "right to challenge the magistrate's factual

28   ///

findings" on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **April 15, 2020**          /s/ *Barbara A. McAuliffe*          _
                                    UNITED STATES MAGISTRATE JUDGE

4