# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LUEDTKE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CIOLLI, *et al.*,<br><br>　　　　　Defendants. | Case No.  1:20-cv-00406-NONE-BAM (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO VOID *IN FORMA PAUPERIS* FILING<br><br>(ECF No. 25)<br><br>ORDER REQUIRING PLAINTIFF TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO PAY THE FILING FEE<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

**I.     Introduction**

Plaintiff James Luedtke ("Plaintiff") is a federal prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).  This action was initiated on March 19, 2020, and the Court granted Plaintiff's application to proceed *in forma pauperis* on May 19, 2020.  (ECF Nos. 13, 15.)

**II.     Motion to Void *In Forma Pauperis* Status**

On October 19, 2020, Plaintiff filed a "Motion to Void *In Forma Pauperis* Filing," claiming that the application must be adjudged null and void because the certificate section was not completed, in violation of 28 U.S.C. § 1915(a)(2).  (ECF No. 25.)  Plaintiff claims that the

1

1  undersigned created an unlawful waiver for the certificate section of the application.  (Id.)

2  The Court is not persuaded by Plaintiff's argument.  The statute does not require that the

3  certificate section of the application be completed, merely that a prisoner "shall submit a certified

4  copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-

5  month period immediately preceding the filing of the complaint[.]"  28 U.S.C. § 1915(a)(2).

6  However, the Court agrees that Plaintiff's *in forma pauperis* status should be voided on a

7  separate ground.  Plaintiff is subject to 28 U.S.C. § 1915(g), which provides that "[i]n no event

8  shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior

9  occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of

10  the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state

11  a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious

12  physical injury."[1]

13  The Court has reviewed Plaintiff's complaint and finds that his allegations do not satisfy

14  the imminent danger exception to section 1915(g).[2]  Andrews v. Cervantes, 493 F.3d 1047,

15  1053−55 (9th Cir. 2007).  In the complaint, which is 60 pages in length, Plaintiff alleges 24

16  separate claims.  The complaint is conclusory and contains a litany of grievances that include the

17  following: the food served at USP Atwater is not nutritionally balanced, the cells are too small for

18  double celling, there are potential threats to safety due to "shot caller" inmates who demand other

19  inmates hand over certain paperwork, money has been illegally encumbered in Plaintiff's trust

---

[1]  The Court takes judicial notice of the following United States District Court cases: (1) Luedtke v. Gudmanson, Case No. 2:96-cv-00590-AEG (E.D. Wis.) (dismissed on July 24, 1997 as frivolous); (2) Luedtke v. United States of America, Case No. 1:99-cv-00503-UNA (D.D.C.) (dismissed on February 26, 1999 for failure to state a claim), aff'd, Case No. 99-5084 (D.C. Cir. Aug. 9, 1999); (3) Luedtke v. United States of America, Case No. 1:99-cv-00513-UNA (D.D.C.) (dismissed on February 26, 1999 for failure to state a claim), aff'd, Case No. 99-5085 (D.C. Cir. Aug. 9, 1999); (4) Luedtke v. Posner, Case No. 1:99-cv-01695 (N.D. Ill.) (dismissed on March 22, 1999 for failure to state a claim); and (5) Luedtke v. Obama, Case No. 1:14-cv-00389-UNA (D.D.C.) (dismissed on March 12, 2014 for failure to state a claim).
    The Court also takes judicial notice of the following United States Court of Appeals case: Luedtke v. Obama, Case No. 14-5084 (D.C. Cir.) (dismissed on January 14, 2015 on court's own motion, citing 28 U.S.C. § 1915(e)(2)).

[2]  The Court expresses no opinion on the merits of Plaintiff's claims.

2

account, there is no classification system for separating gang and non-gang members, inmates are forced to change cells every 21 days, the commissary is not fully stocked to Plaintiff's liking, strip searches are conducted, there are no typewriters for inmate usage, inmates are not provided free hygiene supplies, shortwave radios are banned, many television channels are blocked, all the mattresses are "shot," inmates in segregation are denied books, physical body searches are conducted, the institution's subscription to the Criminal Law Reporter was cancelled, lockdowns are excessive, there are fly infestations during warmer months, job assignments are on paper only and/or are not paid, the library does not have a book collection and should be providing inmates with tablets, Plaintiff was not notified about the existence of a class action about blood filters, Plaintiff was not provided medication to treat his anxiety and depression, a monetary incentive for completing a program was seized for restitution, there are not enough functioning washers and dryers for laundry, and not enough showers are allowed during lockdowns.  (ECF No. 1.)

Nowhere in the lengthy complaint, which appears to include every issue Plaintiff wishes to raise regarding his experiences in federal prisons, does Plaintiff allege that any of these grievances rises to a level that would create an imminent danger of serious physical injury to Plaintiff, or to any individual.  For many of these claims, Plaintiff includes no explanation of how these issues affect him personally at all, much less in a way that could cause him imminent danger.  Therefore, the Court finds that Plaintiff has failed to satisfy the exception from the three strikes bar under 28 U.S.C. § 1915(g).  The complaint contains no allegations demonstrating that Plaintiff was in imminent danger of serious physical injury at the time the complaint was filed.

**III.    Conclusion and Order**

Based on the foregoing, the Court finds that Plaintiff is precluded from proceeding without prepayment of fees under section 1915(g) and that the complaint does not allege that he is in imminent danger.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to void *in forma pauperis* filing, (ECF No. 25), is GRANTED;

///

///

2. Within **twenty-one (21) days** from the date of service of this order, Plaintiff SHALL either:

    a. Show cause in writing why this case should not be dismissed for failure to pay the filing fee; or

    b. Pay the remaining $402.00 initial filing fee in full to proceed with this action; and

3. **Plaintiff's failure to comply with this order may result in sanctions, including dismissal of this action**.

IT IS SO ORDERED.

   Dated:   **February 18, 2021**              /s/ *Barbara A. McAuliffe*            
                                            UNITED STATES MAGISTRATE JUDGE

4