UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LUEDTKE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CIOLLI, *et al.*,<br><br>　　　　Defendants. | No. 1:20-cv-00406-NONE-BAM (PC)<br><br>ORDER DISMISSING ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE AND FAILURE TO OBEY COURT ORDER<br><br>(Doc. No. 26) |

　　　　Plaintiff James Luedtke is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　On February 18, 2020, the assigned magistrate judge granted plaintiff's motion to void his *in forma pauperis* status and issued an order for plaintiff to show cause within twenty-one days why this case should not be dismissed for failure to pay the filing fee or for plaintiff to pay the remaining filing fee in full to proceed with this action. (Doc. No. 26.) In that order, plaintiff was warned that failure to comply with that order may result in sanctions, including dismissal of this action. (*Id.* at 4.) Plaintiff filed a response on March 8, 2021. (Doc. No. 27.)

　　　　In his response, plaintiff reiterates his previously filed argument challenging the constitutionality of the Prison Litigation Reform Act (PLRA). Plaintiff also argues in a generalized and conclusory fashion that because he is incarcerated and all prisons are violent and dangerous, plaintiff is in imminent danger of serious physical injury. Finally, plaintiff contends

1   that the assigned magistrate judge and the undersigned, as well as other judges in this court,
2   should recuse themselves from this case.

3         The court rejects plaintiff's argument regarding the PLRA.  Federal courts have
4   consistently rejected claims that the PLRA violates the Constitution.  *See Gilmore v. People of the*
5   *State of Cal.*, 220 F.3d 987, 1008 (9th Cir. 2000) ("No circuit court has found the PLRA to
6   violate due process or the Equal Protection Clause. We decline to stray from these precedents.);
7   *Polanco v. Hopkins*, 510 F.3d 152, 156 (2d Cir. 2007) (joining the other circuits that have upheld
8   the constitutionality of this statute.); *White v. State of Colo.*, 157 F.3d 1226, 1235 (10th Cir. 1998)
9   ("we now join the Eleventh, Sixth, and Fifth Circuits in concluding that § 1915(g) does not
10  violate the guarantees of equal protection and due process); *Gavin v. Branstad*, 122 F.3d 1081,
11  1092 (8th Cir. 1997) (reversing district court decision that immediate termination decision of
12  PLRA was unconstitutional); *Madrid v. Gomez*, 190 F.3d 990, 996 (9th Cir. 1999) ("the
13  government's interest was apparently to curtail frivolous prisoners' suits and to minimize the
14  costs—which are borne by taxpayers—associated with those suits" and survive the minimal
15  standard for rational basis review.); *see also Morrison v. Davis*, 88 F. Supp. 2d 799, 808 (S.D.
16  Ohio 2000), amended in part, 195 F.Supp.2d 1019 (S.D. Ohio 2001) ("This Court finds that
17  although the PLRA does single out prisoners for a particular burden in § 1983 actions, Congress's
18  goal in placing that burden on prisoners was to bring prisoners' litigation incentives on par with,
19  not below, non-incarcerated litigants. The principles of equal protection do not prevent Congress
20  from burdening prisoners in this way. Thus, Plaintiff's arguments fit better in the legislative
21  rather than the judicial forum.").

22        The court also finds plaintiff's argument regarding imminent danger unpersuasive.  The
23  mere fact of plaintiff's confinement is not sufficient to support a finding of imminent danger, and
24  plaintiff has offered no specific allegations indicating that he was personally in any danger at the
25  time the complaint was filed.  "Imminent danger of serious physical injury must be a real, present
26  threat, not merely speculative or hypothetical." *Blackman v. Mjening*, 2016 WL 5815905, at *1
27  (E.D. Cal. Oct. 4, 2016).
28  /////

Plaintiff's remaining argument regarding recusal of the undersigned and other judges of this court is without merit.

Because plaintiff has failed to obey the court's order and pay the appropriate filing fee or show cause why this case should not be dismissed for failure to pay the filing fee, this case cannot proceed. This matter will be dismissed. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992).

Accordingly,

1. This action is dismissed, without prejudice, for plaintiff's failure to comply with the court's order of February 18, 2021, (Doc. No. 26), and his failure to pay the filing fee; and
2. The Clerk of the Court is directed to close this case and terminate all other pending motions and deadlines.

IT IS SO ORDERED.

Dated:  **March 22, 2021**

_____
UNITED STATES DISTRICT JUDGE